## CADDO WAREHOUSE & TRANSFER CO. v. RILEY et al.  (No. 3551.)

Court of Civil Appeals of Texas. Texarkana.
May 17, 1928.

Rehearing Denied May 24, 1928.

Judgment ⚖⟹248—Judgment for injured passenger held supported by pleading and evidence.

Where petition alleged bus driver's negligence in allowing bus to run off highway into ditch, resulting in specified injuries to plaintiff passenger, and further alleged that by reason of the negligent overturning of the bus she suffered a severe shock and was compelled to incur hospital and medical expenses, *held*, that judgment for plaintiff was not objectionable on ground of variance between cause of action pleaded and proof that injuries resulted from bus running into ditch, where special issues submitted to jury limited recovery to injuries resulting from driving bus into ditch.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by Mrs. Annie Sloan Riley and husband against the Caddo Warehouse & Transfer Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

King, Battaile & Sonfield, of Houston, for appellants.

Howard A. Carney, of Atlanta, for appellee.

HODGES, J. This appeal is from a judgment for $1,000 against the appellant for personal injuries. The principal ground for reversal is based upon the proposition that there is a variance between the cause of action pleaded and the proof relied on to sustain the judgment. Omitting the formal parts, the appellees' original petition is as follows:

"That on or about August 3, 1927, the plaintiff Mrs. Anne Riley purchased a ticket and boarded one of defendant's regular busses, as passenger at Shreveport, La., to Atlanta, Tex., and paid the usual stated fare to the defendant, wherefore defendant became liable and

bound to use a high degree of care to safely and securely transport and carry said plaintiff from Shreveport, La., to Atlanta, Tex.; that when said bus was on its way to Atlanta, and within three miles thereof, the driver of said bus, in charge thereof as defendant's servant and agent, negligently and carelessly drove said bus, or negligently and carelessly allowed said bus to be driven off the roadway of said highway into the ditch, thereby wrecking same and causing the plaintiff to be thrown violently against some hard object in said bus and thereby greatly shocked, bruised, and wounded plaintiff; that when said bus left the road it went off into the ditch at the side, and turned partly over, violently throwing the plaintiff against the side of the bus and the projections thereon; that thereby plaintiff's back, side, hip, and knee were caused to be bruised and injured by the impact of said violence, throwing the plaintiff against the side and projections of said bus; that a large knot was caused to come on plaintiff's head where the same struck the side of the bus, and she was caused to have a violent ache in her head at said place, continuously for more than three days; that her said hip was bruised severely and became blackened and plaintiff was unable to use said hip in walking, and is still unable at this time to use her said hip; that her knee was scratched and bruised; that said injuries to plaintiff's head, hip, side, and knee caused her to suffer great physical pain, and still continues to cause her great physical pain; that by reason of said injury plaintiff was caused to be confined to her bed, and continues, as a result thereof, at this time, to suffer great pain and be confined in her bed.

"Plaintiff alleges that for some time prior to the said wrecking of said bus plaintiff has been ill and suffering nervous trouble and with her kidneys; that as a result of said injury plaintiff has been confined in the sanitarium at Shreveport for said treatment, but at the time of the said wreck has recovered sufficiently to be discharged from said sanitarium, and was on her way home therefrom when the said bus was overturned; that by reason of the said overturning of said bus plaintiff was caused to suffer a severe shock to her nervous system and to her kidneys, and thereby causing her great physical pain and mental suffering; that thereby plaintiff was caused to have to return to said sanitarium and to be treated again for the said shock to her nerves and kidneys, and caused to remain in said sanitarium for the period of an additional ten days; that by reason of the wrongful and negligent overturning of said bus plaintiff was caused to require the services of doctors and became bound and liable to pay said doctors for their services the sum of $200 and the additional sum of $50 hospital expenses; that by reason of the wrongful and negligent overturning of said bus plaintiff has been caused to endure great physical pain and mental suffering and will continue to be caused to suffer physical pain and mental suffering in the future; that by reason of the wrongful and negligent overturning of said bus plaintiff has been damaged in the full sum of $2,750, for the payment of which, premises considered, defendant has become bound and liable to pay."

Appellee testified, in substance, that on the date stated in her petition she took passage on appellant's bus going from Shreveport, La., to Atlanta, Tex.; that when within about three miles of Atlanta the bus ran off the road, into a ditch about six feet deep; and that as a result of the bus running into the ditch she was thrown from her seat and injured in the manner stated in her petition.

The following is the substance of the special issues submitted by the court:

"(1) Was the plaintiff injured by reason of the bus running off the road into a ditch? Answer: Yes.

"(2) Was the agent of the appellant in charge of the bus guilty of negligence in running the bus into the ditch? Answer: Yes.

"(3) Was that negligence the proximate cause of the injury to the plaintiff? Answer: Yes."

In answer to further questions the jury found that running the bus into the ditch was not the result of an unavoidable accident, and assessed the plaintiff's damages at $1,000.

Counsel for appellant invoke the rule that where general averments of negligence causing injuries are followed by more specific details the latter should control, and they contend that appellee is entitled to recover in this case only upon proof that she was injured by the overturning of the bus. They further contend that, since the evidence shows that the bus did not overturn in going down the embankment, the judgment in this case is unsupported both by the pleadings and the proof. We do not think that objection tenable. In the first part of her petition the appellee clearly charges negligence on the part of the driver in allowing the bus to run off the highway into the ditch, and that as a result of such negligence her back, side, hip, and knee were bruised and injured; that she was thrown against the side of the bus and "caused to have a violent ache in her head" which continued for several days. She further stated, in that connection, that the injuries above described caused her great physical pain which still continues. Those averments are as specific as is necessary to meet the requirements of good pleading. In the latter part of her petition it is stated, in substance, that by reason of the negligent overturning of the bus she suffered a severe shock to her nervous system and kidneys; and further alleges that by reason of the overturning of the bus she was compelled to incur expenses for hospital service and the attention of a physician. The last items of damages are different from those described in the first part of the petition, and evidently were not considered by the jury in answering the interrogatories submitted. It will be observed from the form of those interrogatories that the jury was authorized to consider only the injuries which resulted from driving the bus into the ditch.

We think the judgment is supported both by the pleading and the evidence, and is, accordingly, affirmed.